**NATIONAL LABOR RELATIONS BOARD, Petitioner, v. The TRIPLETT ELECTRICAL INSTRUMENT COMPANY, The Diller Manufacturing Company, Doing Business under the Firm Name and Style of Readrite Meter Works, Respondent.**

No. 8207.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1939.

Charles Fahy, of Washington, D. C., and Gerhard Van Arkel, of New Orleans, La., for petitioner.

H. O. Bentley, of Lima, Ohio, for respondents.

Before HICKS, SIMONS, & ALLEN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board, pursuant to the authority conferred upon it by an Act of Congress approved July 5, 1935 (49 Stat. 449, c. 372, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq.), known as the National Labor Relations Act, having on —— petitioned this court for the enforcement of a certain order issued by the Board on March 7, 1938, against respondent, The Triplett Electrical Instrument Company and The Diller Manufacturing Company, doing business under the firm name and style of Readrite Meter Works, said proceeding being known upon the records of the Board as Case Number C-211, the title thereof being "In the Matter of The Triplett Electrical Instrument Company, The Diller Manufacturing Company, doing business under the firm name and style of Readrite Meter Works and United Electrical and Radio Workers of America, Local No. 714," it is hereby ordered, adjudged, and decreed, by consent of the parties hereto, that the order of the Board dated March 7, 1938, be and hereby is modified to read as follows:

"Order

"Upon the basis of the above findings of fact and conclusions of law, and pursuant to section 10(c) of the National Labor Relations Act [29 U.S.C.A. § 160(c)] the National Labor Relations Board hereby orders that the respondents, The Triplett Electrical Instrument Company, and The Diller Manufacturing Company, doing

business under the firm name and style of Readrite Meter Works, their officers, agents, successors and assigns shall:

"1. Cease and desist from:

"(a) Discouraging membership in United Electrical and Radio Workers of America, Local No. 714, or any other labor organization of their employees, or encouraging membership in the Committee of 17, The Bluffton Electrical Association, Inc., or any other labor organization of their employees, by discharging, refusing to reinstate, or locking out any of their employees, or in any other manner discriminating in regard to their hire and tenure of employment or any term or condition of their employment because of membership or activity in connection with any such labor organization;

"(b) Urging, persuading, warning, or coercing their employees to join the Committee of 17 or The Bluffton Electrical Association, Inc., or any other labor organization of their employees, or threatening them with discharge if they fail to join any such organization;

"(c) Dominating or interfering with the administration of the Committee of 17 or The Bluffton Electrical Association, Inc., or with the formation and administration of any other labor organization of their employees, and contributing financial or other support to the Committee of 17, The Bluffton Electrical Association, Inc., or any other labor organization of their employees;

"(d) Recognizing the Committee of 17 or The Bluffton Electrical Association, Inc., as the exclusive representative of their employees;

"(e) In any other manner interfering with, restraining, or coercing their employees in the exercise of their right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection.

"2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

"(a) Offer to Louis Allman, Russell Amstutz, and Harley Kohler immediate and full reinstatement to their former positions without prejudice to their seniority and other rights and privileges;

"(b) Make whole Louis Allman, Russell Amstutz, Mark Garmatter and Harley Kohler for any loss of pay they have suffered by reason of their respective discharges, by payment to each of them of a sum equal to that which he would normally have earned as wages during the period from the date of his discharge to the date of such offer of reinstatement, less the amount earned by him during such period;

"(c) Make whole Gale Scoles for any loss of pay he suffered by reason of his suspension on May 15, 1937, by payment to him of a sum equal to that which he would normally have earned as wages from May 15, 1937, until his reinstatement on May 29, 1937, less the amount earned by him during that period;

"(d) Withdraw all recognition from The Bluffton Electrical Association, Inc., and from the Committee of 17, as the representative of any of their employees for the purpose of dealing with the respondents concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of employment, and completely disestablish The Bluffton Electrical Association, Inc., and the Committee of 17 as such representatives;

"(e) Post notices to their employees in conspicuous places in their plants stating: (1) That the respondents will cease and desist in the manner aforesaid and (2) that the Committee of 17 and The Bluffton Electrical Association, Inc. are disestablished as the representative of any of their employees for the purpose of dealing with them with respect to grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work, and that they will refrain from any recognition of them;

"(f) Maintain such notices for a period of at least thirty (30) consecutive days from the date of posting;

"(g) Notify the Regional Director for the Eighth Region in writing within ten (10) days from the date of this Order what steps the respondents have taken to comply therewith.

"And it is further ordered that the Complaint be and it is hereby dismissed in so far as it alleges (1) that the respondents have dominated and interfered with the formation and administration of the TR Club; and (2) that respondents discriminatorily discharged Raymond Holden

and William McGinnis and suspended Earl Hilty, Charles Steiner, Ross Irwin, Glenn Slusser, Ralph Diller, and Lester Hahn. In the cases of Ralph Diller and Lester Hahn the complaint is dismissed without prejudice.

"And it is further ordered that the petition for certification of representatives, filed by Local No. 714, United Electrical and Radio Workers of America, be, and it hereby is, dismissed."

And it is hereby ordered, adjudged and decreed that the order of the Board as so modified is affirmed and enforced.